IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>    TRADES INDUSTRY PENSION FUND;<br>INTERNATIONAL PAINTERS AND ALLIED<br>    TRADES ANNUITY PLAN;<br>DANIEL R. WILLIAMS, Trustee of the<br>    INTERNATIONAL PAINTERS AND ALLIED<br>    TRADES INDUSTRY PENSION FUND and<br>    INTERNATIONAL PAINTERS AND ALLIED<br>    TRADES ANNUITY PLAN;<br>FINISHING TRADES INSTITUTE,<br>7234 Parkway Drive<br>Hanover, MD 21076<br>Anne Arundel County<br><br>        Plaintiffs,<br><br>v.<br><br>DARBY DEVELOPMENT LLC., a New Jersey<br>    Limited Liability Corporation,<br><br>        Defendant. | Case No. |

## **COMPLAINT**

### Parties

1.  The International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and the International Painters and Allied Trades Annuity Plan ("Annuity Plan") are multiemployer benefit funds and employee benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(2), (3), (21), § 1009(C) (1), (B), and §1132. The Trustees for the Pension Fund and the Annuity Plan are fiduciaries within the meaning of 29 U.S.C. §§1102(a) and 1002(16), (21). The Finishing Trades Institute ("FTI"), formerly known as the International Union of

Painters and Allied Trades Joint Apprenticeship and Training Fund, is an employee benefit plan within the meaning of 29 U.S.C. §1002(37), (1), and (3). The Pension Fund, Annuity Plan and FTI are collectively referred to herein as the "ERISA Plaintiffs".

2. The Political Action Together Fund, which includes the Political Action Together Legislative and Educational Committee and the Political Action Together Political Committee (collectively "PAT Fund"), is an unincorporated association or fund established pursuant to 52 U.S.C. §30101 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

3. The Labor Management Cooperation Initiative ("LMCI"), is a joint labor and management initiative and is an unincorporated organization established under 29 U.S.C. §186(c)(9) for one or more of the purposes set forth in section 5(b) of the Labor Management Cooperation Act of 1978. The PAT Fund and LMCI are hereinafter referred to as "Bargained Entities."

4. Plaintiff Daniel R. Williams ("Williams") is a fiduciary of the Pension Fund and of the Annuity Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions and other amounts due to all Plaintiffs. The Pension Fund and Williams, in their capacities as authorized collection fiduciaries and agents, bring this action on behalf of the Pension Fund, Annuity Plan, FTI, PAT Fund and LMCI. The ERISA Plaintiffs and the Bargained Entities are jointly and severally referenced herein as the "Plaintiffs" or the "Funds."

5. Darby Development LLC ("Defendant"), is an employer by virtue of ERISA

§ 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

6.      Jurisdiction in this action arises under ERISA § 502 and 515, 29 U.S.C. § 1132, and 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA as a result of Defendant's failure to comply with the terms of its collective bargaining and/or other labor agreement(s), entered into with its affiliated local union and/or district council.

7.      Jurisdiction exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining and/or other labor agreement.

8.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

9.      Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Plaintiff Pension Fund is administered in this district with its principal place of business in Hanover, Maryland. Thus, jurisdiction and venue are properly grounded with this Court.

10. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §185, as this Court has jurisdiction over the parties, as the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Bargaining Agreement

11. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining and/or other labor agreement(s) ("Bargaining Agreement") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades, AFL CIO, CLC (the local labor union(s), district council(s) and International Union are referred to collectively as "Union").

12. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to the ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are required to be made on a timely basis and are considered delinquent if not received timely. Defendant is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

13. The Bargaining Agreement and/or Trust Agreements further require that Defendant maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Defendant to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14. Defendant has reported but failed to pay contribution balances owed to Plaintiffs for hours worked by Defendant's employees during the months of February 2019, April through July 2019, September 2019, January 2020, May 2020, July and August 2020, October 2020, March and April 2022, December 2022, March and April 2023 and September 2023 totaling $9,465.69. Liquidated damages in the amount of $1,893.13 and interest in the amount of $2,420.80 through February 3, 2025 are owed to Plaintiffs for the contribution shortages for those months. Interest continues to accrue on the unpaid contributions until paid in full.

15. Defendant failed to report and pay contributions owed for hours worked by Defendant's employees for its ADM-1 account for the period from April 2022 through December 2024 and for its ADM-2 account for the period from October 2024 through December 2024. Liquidated damages and interest are and will be owed for any contributions due for these months. Interest continues to accrue on the unpaid contributions until paid in full.

16. The total known to be due to Plaintiffs from Defendant is currently $13,779.62. Interest continues to accrue on the unpaid contributions and contribution balances. Attorneys' fees and costs are also due.

17. Defendant has also failed and refused to comply with an audit of its records for the period from January 1, 2021 through December 31, 2024.

18. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly report and pay certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. This is an ongoing and continuing obligation, therefore additional amounts come due on a monthly basis, including but not limited to contributions, liquidated damages, and interest. Payments may also be made by Defendant. Accordingly, the exact and most current amount due from Defendant to Plaintiffs will be ascertained at the time of judgment. Plaintiffs claim and are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, including those found due on timecards, audit, or otherwise, and estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment, including those specified above. Plaintiffs are entitled to estimate contributions for any unreported months pursuant to Pension Fund policy. Plaintiffs reserve the right to conduct an audit or a further audit to determine whether there are any additional amounts due from Defendant.

//

//

## FIRST CAUSE OF ACTION

### For Reporting and Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs

### Against Defendant

19. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

20. As set forth above, Defendant has reported but failed to pay contribution balances owed to Plaintiffs for hours worked by Defendant's employees during the months of February 2019, April through July 2019, September 2019, January 2020, May 2020, July and August 2020, October 2020, March and April 2022, December 2022, March and April 2023 and September 2023 totaling $9,465.69. Liquidated damages in the amount of $1,893.13 and interest in the amount of $2,420.80 through February 3, 2025 are owed to Plaintiffs for the contribution shortages for those months. Interest continues to accrue on the unpaid contributions until paid in full. Defendant also failed to report and pay contributions owed for hours worked by Defendant's employees for its ADM-1 account for the period from April 2022 through December 2024 and for its ADM-2 account for the period from October 2024 through December 2024. Liquidated damages and interest are and will be owed for any contributions due for these months. Interest continues to accrue on the unpaid contributions until paid in full.

21. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22. By failing to make the required payments to Plaintiffs, Defendant breached

the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

23. Defendant's failure to pay the required contributions plus liquidated damages, and interest thereon, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement and incorporated Trust Agreements by failing to pay all amounts owed as alleged.

24. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

25. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

26. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. The ERISA Plaintiffs and the Bargained Entities expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' and the Bargained Entities' Plan Documents, Trust Agreements, and the law.

//

## SECOND CAUSE OF ACTION

### For Audit Compliance Against Defendant

27. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

28. Defendant has failed and refused to provide the necessary documents to comply with an audit of its payroll records for the period from January 1, 2021 through December 31, 2024. Defendant has a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs any amounts found due as a result of an audit, including audit fees.

29. In addition, Defendant has a statutory duty to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197 and to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a) of any and all amounts found due.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

       i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

  2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

  3. For an order,

   (a) requiring that Defendant comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

   (b) enjoining Defendant from violating the terms of those documents and of ERISA; and;

   (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

  4. That the Court retain jurisdiction of this case pending compliance with its orders.

//

//

5. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Date: February 14, 2025 | TUCKER ARENSBERG, LLP |
| | |
| | */s/ Michele R. Stafford* |
| | Michele R. Stafford, Esquire |
| | MD District Court Bar ID:  30363 |
| | mstafford@tuckerlaw.com |
| | |
| | 1098 Foster City Blvd, Ste. 106 #700 |
| | Foster City, CA  94404 |
| | (650) 514 - 6238 |
| | |
| | Attorneys for Plaintiffs |